# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:18-CR-00543-IM |
| v. | **OPINION AND ORDER** |
| **CRESCENCIO MENDOZA-CARREON**, | |
| Defendant. | |

Billy J. Williams, United States Attorney, and Sarah Barr, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR, 97204. Attorneys for the United States.

Elizabeth G. Daily, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 101 SW Main Street, Suite 1700, Portland, OR, 97204. Attorney for Defendant.

**IMMERGUT, District Judge**

Defendant Crescencio Mendoza-Carreon is charged with one count of illegal reentry after having been previously arrested and deported from the United States on April 3, 2014, in violation of 8 U.S.C. § 1326. ECF 1. Defendant Mendoza-Carreon now moves to dismiss the indictment, bringing a collateral attack against the removal order upon which the indictment is predicated. ECF 35. He contends that the underlying removal order is invalid because his right to due process was violated during the removal proceeding. *Id*. This Court held a hearing on

Defendant's motion on March 4, 2020. ECF 48. After considering all of the pleadings, the record, and the arguments of counsel, this Court finds that Defendant has failed to establish that his due process rights were violated. Therefore, Defendant's Motion to Dismiss the Indictment is denied.

## BACKGROUND

Defendant Crescencio Mendoza-Carreon is a native and citizen of Mexico. At the age of three, he moved to the United States where he became a lawful permanent resident. Now 44 years old, Defendant has lived in Oregon for a total of 36 years. He speaks English and Spanish fluently, but he claims English is his primary language. ECF 35 at 34.

In 2009, Defendant was arrested by United States Customs and Border Protection agents while transporting cocaine across the United States-Mexico border. Defendant had approximately 18 kilograms of cocaine in a hidden compartment of his car, valued at over $1,000,000. He pled guilty to a federal charge of conspiracy to possess with intent to distribute more than five kilograms of cocaine. ECF 35 at 36, 52–55.

On March 14, 2014, after serving his prison sentence, Defendant appeared before an immigration judge for removal proceedings in Cleveland, Ohio. At the hearing a Spanish language interpreter was available, but Defendant chose to proceed with the hearing in English. ECF 35 at 76. The immigration judge then explained the charge against Defendant and his rights in the proceeding. *Id.* at 77. He described Defendant's right to present evidence and challenge evidence presented by the government. *Id.* The immigration judge also advised Defendant of his right to a lawyer. *Id.* He stated the following:

> You have a right to be represented by a lawyer in this matter at no expense to the United States government. If you'd like to have a lawyer represent you, you're either going to have to hire a lawyer or we will furnish you with a copy of a list of organizations that may be willing to represent you at low cost or no cost to yourself.

*Id*. After reciting these rights, the immigration judge asked whether Defendant understood the rights that he explained, to which Defendant responded affirmatively "Yes, sir." *Id.* The immigration judge then confirmed that Defendant had received a copy of the list of organizations that might be willing to represent him at low or no cost. *Id.* Defendant declined the opportunity to seek legal representation. *Id.* at 78.

The immigration judge next asked Defendant about the allegations in the Notice to Appear and his conviction for the offense of conspiracy to possess with intent to distribute. *Id.* Based on Defendant's answers and the certified conviction documents, the immigration judge found that Defendant was subject to deportation. *Id.* Defendant was granted the opportunity to designate a country to which he would be deported, and he chose Mexico. *Id.* The immigration judge then asked whether Defendant had any fear of returning to Mexico, and the following exchange occurred.

> IJ: Do you have any fear of returning to Mexico, sir?
>
> CM: Yes.
>
> IJ: What are you fearful of?
>
> CM: For the drugs that I lost.
>
> IJ: Alright. Why are you fearful of that, sir?
>
> CM: Because they probably want the money back.
>
> IJ: Alright, sir, do you wish to have an opportunity to file an application for asylum?
>
> CM: No, sir.
>
> IJ: Do you understand that asylum, or withholding or deferral of removal, may allow you to remain in the United States?
>
> CM: Yes, sir, I understand that.
>
> IJ: With that in mind do you wish to file an application for asylum?

> CM: [Pause] No, sir.
>
> IJ: In that case, sir, there appears to be no provision of United States law that will permit you to remain in this country. I'm going to be ordering you to be deported to Mexico. Do you understand that?
>
> CM: Yes.

*Id.* at 78–79. The immigration judge then summarized orally the proceedings in the presence of Defendant and stated:

> [Defendant] expressed a fear of returning to Mexico and the Court offered the [Defendant] the opportunity to file an asylum application. The [Defendant] declined. The Court further informed the [Defendant] that, if granted, asylum or withholding or deferral of removal would allow him to remain in the United States. [Defendant] again declined the opportunity to file for asylum.

*Id.* at 80. After the recitation of the hearing summary, Defendant was provided a final opportunity to acknowledge that he understood that he would be deported to Mexico, which he confirmed. *Id.* Defendant was then provided the opportunity to appeal the immigration judge's decision. The following colloquy occurred:

> IJ: Sir, you have a right to appeal my decision, if you wish to, to the Board of Immigration Appeals. Do you understand what an appeal is?
>
> CM: Yes, I do sir.
>
> IJ: If you do wish to appeal my decision, that appeal must be filed with the Board of Immigration Appeals no later than April 10th of 2014. Do you understand that?
>
> CM: Yes, sir.
>
> IJ: If you do not appeal my decision, my decision will become the final order in this case and will result in your deportation to Mexico. Do you understand that?
>
> CM: Yes, sir.

> IJ: If you tell me today that you do not wish to appeal my decision, you cannot change your mind at a future date and decide that you do wish to appeal my decision. Do you understand that?
>
> CM: Yes, sir.
>
> IJ: Do you wish to appeal my decision, sir?
>
> CM: [Pause] No, sir.

*Id.* After Defendant declined to appeal the decision, the Government also waived the right to appeal. *Id.* at 81. The immigration judge then concluded the removal hearing. *Id.*

Defendant was removed on April 3, 2014 pursuant to the immigration court's order. ECF 41-1. Defendant remained in Mexico for approximately one month after removal before returning illegally to the United States. ECF 35 at 11. On October 15, 2018, Defendant was arrested in the United States at the Umatilla County Sherriff's office. *Id.* at 13. On November 14, 2018, a federal grand jury returned an indictment charging Defendant with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). *Id.*

## STANDARDS

To convict a defendant of illegal reentry under 8 U.S.C. § 1326, "the government must prove that the alien left the United States under order of exclusion, deportation, or removal and then illegally reentered." *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015). A defendant may collaterally attack the validity of a removal order underlying a section 1326 indictment by arguing the administrative proceeding producing the order violated his Fifth Amendment right to Due Process. *United States v. Melendez-Castro*, 671 F.3d 950, 953 (9th Cir. 2012). "A defendant charged under § 1326 has a due process right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (quotations omitted). "[W]here a deportation proceeding violates an alien's due process rights, the Government may not rely on

PAGE 5 – OPINION AND ORDER

any resulting deportation order as proof of an element of a criminal offense." *United States v. Leon-Leon*, 35 F.3d 1428, 1431 (9th Cir. 1994) (citing *Mendoza-Lopez,* 481 U.S. at 840).

To prevail on a collateral attack of a section 1326 indictment, a defendant must demonstrate that: (1) he exhausted any administrative remedies available to seek relief against the order; (2) the deportation proceedings improperly deprived him of the opportunity for judicial review; and (3) the entry of the deportation order was fundamentally unfair. 28 U.S.C. § 1326(d). A removal order is "fundamentally unfair" if (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result." *Martinez,* 786 F.3d at 1230.

## DISCUSSION

Defendant alleges that the removal order underlying the section 1326 indictment is invalid because his right to due process was violated when the immigration judge failed to adequately provide the advisals set forth in 8 C.F.R. § 1240.11(a)(2) and (c)(1)(i)–(iii). The parties do not dispute the applicability of these regulations or that the immigration judge was under a duty to advise Defendant of removal relief after he expressed a fear of returning to Mexico. However, the parties dispute whether the immigration judge sufficiently complied with the procedures delineated in section 1240.11.

In relevant part, section 1240.11(a)(2) states:

> In conjunction with any application for creation of status of an alien lawfully admitted for permanent residence made to an immigration judge, if the alien is inadmissible . . . , and believes that he or she meets the eligibility requirements for a waiver of the ground of inadmissibility, he or she may apply to the immigration judge for such waiver. The immigration judge shall inform the alien of his or her apparent eligibility to apply for any of the benefits enumerated in this chapter and shall afford the alien an

opportunity to make application during the hearing, in accordance with the provisions of § 1240.8(d).[1]

8 C.F.R. § 1240.11(a)(2). And, subsection (c) states:

> (1) If the alien expresses fear of persecution or harm upon return to any of the countries to which the alien might be removed pursuant to § 1240.10(f), and the alien has not previously filed an application for asylum or withholding of removal that has been referred to the immigration judge by an asylum officer in accordance with § 1208.14 of this chapter, the immigration judge shall:
> (i) Advise the alien that he or she may apply for asylum in the United States or withholding of removal to those countries;
> (ii) Make available the appropriate application forms; and
> (iii) Advise the alien of the privilege of being represented by counsel at no expense to the government and of the consequences, pursuant to section 208(d)(6) of the Act, of knowingly filing a frivolous application for asylum. The immigration judge shall provide to the alien a list of persons who have indicated their availability to represent aliens in asylum proceedings on a pro bono basis.

8 C.F.R. § 1240.11(c)(1).

**A. Alleged Deficiencies in the Removal Proceeding**

Defendant raises multiple alleged deficiencies in the immigration judge's colloquy. Each argument is addressed in turn below.

Defendant first argues that the immigration judge failed to advise him of his "apparent eligibility" for relief from deportation. ECF 35 at 15 (citing 8 C.F.R. § 1240.11(a)(2)). Defendant contends that providing an opportunity to apply for removal relief is insufficient because the immigration judge had an affirmative duty to advise Defendant that he is "apparently eligible"

---

[1] 8 C.F.R. § 1240.8(d) states the following: "The respondent shall have the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion. If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply."

PAGE 7 – OPINION AND ORDER

for removal relief. ECF 46 at 5. The regulations state that an immigration judge "shall inform the alien of his or her apparent eligibility to apply for any of the benefits enumerated in this chapter[.]" 8 C.F.R. § 1240.11(a)(2). In addition, the regulations require an immigration judge to inform the noncitizen that "he or she may apply for asylum in the United States or withholding of removal" once the individual expresses fear of harm in a country to which he or she may be deported. 8 C.F.R. § 1240.11(c)(1)(i). The Ninth Circuit has made clear that when "the record contains an inference that the petitioner is eligible for relief from deportation, the [immigration judge] must advise the alien of this possibility and give him the opportunity to develop the issue." *Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000) (quoting *Moran-Enriquez v. INS*, 884 F.2d 420, 423 (9th Cir. 1989).

This Court does not construe the text of the regulations to require the use of magic words or specific phrasing when advising an individual that he has apparent eligibility to apply for asylum. The immigration judge must, however, clearly convey to a noncitizen that he or she has the opportunity to apply for relief under the circumstances. In the present case, once Defendant expressed that he was fearful of returning to Mexico, the immigration judge responded by asking whether Defendant would like to apply for removal relief and then explaining that removal relief may permit him to stay in this country. ECF 35 at 78–79. The immigration judge adequately advised Defendant that he might be eligible for relief by providing the opportunity to apply for asylum, then confirming that Defendant understood that "asylum, or withholding or deferral of removal, may allow [him] to remain in the United States." *Id.* at 79.

Second, Defendant asserts that the immigration judge failed to "fully develop the record" because the immigration judge did not explain who may benefit from asylum, withholding of removal, or deferral of removal. ECF 35 at 16, 19–20. The Ninth Circuit has recognized that an

immigration judge has a duty to "fully develop the record" when noncitizens appear *pro se* because they "often lack the legal knowledge to navigate their way successfully through the morass of immigration law." *Agyeman v. I.N.S.*, 296 F.3d 871, 877 (9th Cir. 2002). For that reason, the immigration judge must "probe into, inquire of, and explore for all the relevant facts." *Id.* (quoting *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)). If an immigration judge fails to fully develop the record, information crucial to a noncitizen's safety may remain undisclosed. *Jacinto v. I.N.S.*, 208 F.3d 725, 733 (9th Cir. 2000). The immigration judge must also adequately explain the hearing procedures to the alien, including what he must prove to establish his basis for relief. *Id.* at 728.

This Court finds that the immigration judge adequately developed the record by (1) probing Defendant about whether he feared returning to Mexico, (2) immediately providing him with an opportunity to apply for relief from deportation when Defendant expressed that he did, in fact, fear returning to Mexico, and (3) making clear that applying for relief from removal may permit him to stay in the country. ECF 35 at 78–79. Defendant has not provided any authority establishing that an immigration judge must provide a detailed explanation of the types of removal relief when a noncitizen is provided the opportunity to apply. This Court does not find that the immigration judge failed to satisfy his duty on this basis.

Third, Defendant argues that the immigration judge failed to adequately advise Defendant because he merely asked Defendant whether he "wish[ed] to have an opportunity to file an application for asylum" rather than advise him that he had a *right* to apply for asylum relief. ECF 35 at 20, 79. However, the regulations require that the immigration judge "[a]dvise the alien that he or she *may* apply for asylum in the United States or withholding of removal to those countries." 8 C.F.R. § 1240.11(c)(1) (emphasis added). Defendant relies on a decision from the

Board of Immigration Appeals stating that, once a petitioner expresses a fear of harm in the country of removal, an immigration judge must "advise the respondent of the *right* to apply for asylum or withholding of removal[.]" ECF 35 at 17–18 (emphasis added) (quoting *Matter of C-B-*, the Board of Immigration Appeals, 25 I&N Dec. 888, 890–91 (B.I.A. 2012)). But in that opinion, the Board also stated that the immigration judge would have been in compliance if he "advised the [petitioner] that he *could apply* for asylum and withholding of removal" and provided the other necessary advisals. *See Matter of C-B-*, the Board of Immigration Appeals, 25 I&N Dec. at 891 (emphasis added). Therefore, an immigration judge is under no duty to expressly state that an alien has a "right" to apply for asylum. *See id.* at 890–91. Here, the colloquy occurred as follows:

> IJ: Alright, sir, do you wish to have an opportunity to file an application for asylum?
>
> CM: No, sir.
>
> IJ: Do you understand that asylum, or withholding or deferral of removal, may allow you to remain in the United States?
>
> CM: Yes, sir, I understand that.
>
> IJ: With that in mind do you wish to file an application for asylum?
>
> CM: [Pause] No, sir.

ECF 35 at 79. The immigration judge in the present case adequately advised Defendant that he was eligible to apply for asylum when he conveyed to Defendant that he could apply and asked twice whether Defendant wanted to do so. Defendant has not established a due process violation on this basis.

Fourth, Defendant argues that the proceedings were deficient because he was not provided with application forms, as required under 8 C.F.R. § 1240.11(c)(1)(iii). ECF 35 at 20. Defendant provides no authority for the assertion that an immigration judge must provide

application forms to an individual who has declined to seek removal relief. The regulations require only that the immigration judge "[m]ake available" the forms. 8 C.F.R. § 1240.11(c)(1)(iii). Defendant was asked whether he wished to "file an application" and he responded twice in the negative. This Court does not find that the removal proceedings were deficient on this basis.

Fifth, Defendant argues that, although the immigration judge advised Defendant of his right to counsel at the beginning of the hearing, the immigration judge failed to advise Defendant of his right to legal counsel for *asylum proceedings* as required in 8 C.F.R. § 1240.11(c)(1)(iii). ECF 35 at 20 (citing Ex. E at 2). Defendant contends that the right to asylum-specific counsel is an independent right which requires an additional advisal. *Id.* However, Defendant provides no authority that holds the right to asylum counsel requires a second and independent advisal in order to satisfy 8 C.F.R. § 1240.11(c)(1)(iii). At the beginning of the hearing, the immigration judge told Defendant, "You have a right to be represented by a lawyer *in this matter* at no expense to the United States government." *Id.*, Ex. E at 2 (emphasis added). Defendant has failed to establish that these instructions are insufficient to inform him of his right to legal representation for the immigration proceedings in their entirety.

Defendant bears the burden of establishing that the administrative proceeding producing his deportation order violated his due process rights and he has failed to do so. *See United States v. Raya-Vaca*, 771 F.3d 1195, 1202 (9th Cir. 2014). Because he cannot establish that the entry of the deportation order was fundamentally unfair, Defendant's collateral attack of the order underlying this section 1326 prosecution fails as a matter of law. *See* 28 U.S.C. § 1326(d).[2]

---

[2] The parties dispute whether Defendant can establish that he was prejudiced by the defect in the immigration judge's advice. To succeed on a collateral challenge to an underlying deportation proceeding, Defendant "must demonstrate that prejudice resulted from the asserted procedural

### B. Waiver of Appeal

Defendant also argues that his waiver of the right to appeal was invalid because it was based on the immigration judge's deficient advisals. ECF 35 at 32. A defendant is barred from collaterally attacking an underlying deportation order if he validly waived his right to appeal. *United States v. Estrada Torres*, 179 F.3d 776, 780–81 (9th Cir. 1999). In order for a waiver to be valid, the waiver must be "considered and intelligent." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000) (citing *Mendoza-Lopez*, 481 U.S. at 840). The Ninth Circuit has held that a waiver of appeal may be deemed invalid if a noncitizen was not informed of his or her apparent eligibility for relief from deportation. *Arrieta*, 224 F.3d at 1079. The court explained that "an alien who is not made aware that he has a right to seek relief necessarily has no meaningful opportunity to appeal the fact that he was not advised of that right." *Id.* Because this Court concluded that Defendant was properly advised of his right to apply for removal relief, Defendant's waiver is not deemed invalid on the basis.

Defendant has not otherwise challenged the sufficiency of the immigration judge's colloquy concerning the waiver of the right to appeal. *See* ECF 35 at 32. Even so, when considering the merits of the colloquy, the record demonstrates that the immigration judge adequately advised Defendant of his appellate rights. Defendant stated that he understood that a failure to appeal would result in his deportation. ECF 35 at 80. He also confirmed that he understood that the decision to waive the right to appeal could not be changed at a future date. *Id.* Defendant then clearly affirmed that he did not wish to appeal the decision of the immigration judge. *Id.* This Court finds that Defendant validly waived his right to appeal.

---

defect." *United States v. Garcia-Martinez*, 228 F.3d 956, 963 (9th Cir. 2000) (citation omitted). Because Defendant failed to establish that his due process rights were violated, this Court need not reach the parties' arguments concerning the prejudice that Defendant alleges he suffered.

## CONCLUSION

Defendant's Motion to Dismiss the Indictment is DENIED.

**IT IS SO ORDERED**.

DATED this 12th day of March, 2020.

<u>/s/ Karin J. Immergut</u>
Karin J. Immergut
United States District Judge